# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA CAROL MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-0864-HE |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Samantha Carol Mitchell filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits. Plaintiff's grandmother applied for benefits on her behalf because she was at that time under the age of 18. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Doyle W. Argo, who recommends that the Commissioner's decision be affirmed.

Plaintiff claims she is disabled due to diabetes mellitus, thyroid disease, obesity, depression and other ailments. After plaintiff's application for benefits was denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). Following the hearing the ALJ found that plaintiff's diabetes mellitus, hypothyroidism, migraine headaches, reactive depression and obesity qualified as severe impairments at step two of the three-step sequential evaluation process used to determine whether an adolescent is considered disabled. However, at step three the ALJ found that plaintiff was not disabled. He concluded that plaintiff's impairments alone or combined

were not severe enough to meet, medically equal or functionally equal any of the listed impairments. The Appeals Council denied plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner.

In reviewing the ALJ's decision, the court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency. Instead, [it] review[s] the ALJ's decision only to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal citation and quotations omitted).

Plaintiff raises two issues on appeal – that the ALJ failed to properly evaluate her diabetes mellitus under Listing 109.08 and failed to consider the combined effect of plaintiff's diabetes mellitus and obesity. The magistrate judge rejected both arguments. He determined the ALJ properly analyzed plaintiff's diabetes mellitus under the applicable listing. He concluded the ALJ correctly noted the requirements of the listing and that his finding that there was no evidence of any of the four factors was adequately supported by the record. The magistrate judge also disagreed with plaintiff's assertion that the ALJ had failed to evaluate the functional consequences of her obesity. He concluded the ALJ complied with Social Security Ruling 02-1p and that his decision was supported by substantial evidence.

Plaintiff has objected to the Report and Recommendation. Initially she claims the magistrate judge erred by relying on Nielson v. Sullivan, 992 F.2d 1118 (10th Cir. 1993), as that case involved an adult with a spinal condition. However, the magistrate judge cited

Nielson solely as support for the Commissioner's assertion that plaintiff has the burden of proof at the listings level of the evaluation process. Plaintiff has not provided any authority that "there is no shifting to the Plaintiff [of] the burden of proof at these three steps of the sequential analysis for a child's disability claim." Plaintiff's objection, p. 3. The authority is to the contrary. *See* Espinosa v. Astrue, 2009 WL 331600, at *2 (M.D.Fla. 2009) (In case involving a minor child's appeal of the denial of her claim for supplemental security income benefits, the court noted that "[c]laimants bear the burden of proof as to whether their 'impairment meets or exceeds an impairment in the listings[.]'") (quoting Maffia v. Comm'r of Soc. §., 291 F. App'x 261, 263 (11th Cir.2008) (per curiam)). Plaintiff's reliance on language in 20 CFR § 416.924(a) to the effect that the Commissioner/ALJ must make certain determinations is misplaced. The fact that the ALJ makes certain decisions is not a statement of which party bears the burden of proof.

Plaintiff essentially reurges the arguments she presented to the magistrate judge. Having reviewed the record and considered plaintiff's arguments, the court agrees with the magistrate judge's rejection of her challenges to the ALJ's evaluation of her diabetes mellitus under listing § 109.08 and his consideration of the combined effect of her diabetes mellitus and obesity. Accordingly, the court adopts Magistrate Judge Argo's Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE